CLERK'S OFFICE U.S. DIST. COURT,
AT ROANOKE, VA
FILED

JUL 24 2013

JULIA C. DUDLEY, CLERK
BY:
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT D. FRY, | ) | CASE NO. 7:13CV00308 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| NEW RIVER VALLEY REGIONAL JAIL, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Robert D. Fry, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that unnamed jail officials have refused to provide him with certain medication. Upon review of the record, the court finds that the action must be summarily dismissed.

I

Fry is an inmate at the New River Valley Regional Jail ("the jail"). When he first entered the jail, he brought medication from home, apparently supplied to him through his Veteran's benefits. Once Fry exhausted this supply, however, the medical staff refused to provide the medication, because Fry refused to pay for it as required by jail policy. Fry alleges that he has filed requests to see the jail doctor and to receive medication, but has gone for two weeks without his medicine.

Fry brings this action against the jail. As relief, he states that he wants to receive his medicine and to be compensated for pain and suffering.

II

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious,

or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The jail, as the only defendant Fry has named in this action, is not a "person" subject to suit under § 1983. Preval v. Reno, 203 F.3d 821, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (unpublished) (quoting Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (finding city jail immune from suit and not a person for purposes of § 1983).

Because Fry cannot prevail in a § 1983 claim against the jail, the court dismisses Fry's complaint without prejudice, pursuant to § 1915A(b)(1), as legally frivolous.[1] The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 24th day of July, 2013.

_____
Chief United States District Judge

---

[1] The court also finds that Fry's current allegations fail to state a constitutionally significant claim against anyone at the jail. Fry does not indicate that he has any serious medical need for medication or that he has suffered any ill effects from not receiving it. It also appears from his submissions that jail officials are willing to provide him with medication if he complies with the jail's medical unit procedures. See Estelle v. Gamble, 429 U.S. 97, 102 (1976) (finding that prisoner must show deliberate indifference to his serious medical need to prove constitutional violation; mere negligence is not sufficient); Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (finding mere disagreement between inmate and medical personnel over course of treatment does not implicate constitutional rights).

2